IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WARDEN A. K. SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-6364 OWW DLB P<br><br>ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE DEFENDANTS AND INMATES BY WRITTEN QUESTIONS<br>[DOC 75] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On November 3, 2005, plaintiff filed a motion to depose defendants and inmates by written questions, pursuant to Federal Rule of Civil Procedure 31.

Rule 31 provides:

**a) Serving Questions; Notice.**

**(1)** A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.

**(2)** A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in

1

prison or if, without the written stipulation of the parties.

**(A)** a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;

**(B)** the person to be examined has already been deposed in the case; or

**(C)** a party seeks to take a deposition before the time specified in Rule 26(d).

**(3)** A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).

**(4)** Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

**(b) Officer to Take Responses and Prepare Record.** A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

**(c) Notice of Filing.** When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

Fed.R.Civ.P. 31.

If plaintiff wishes to pursue depositions of defendants or identified inmates by written questions, he must comply with Rule 31. Because at least some of the deponents are confined in prison, plaintiff must obtain leave of Court to take the depositions by written questions. To do so, he must file and serve a proper notice which not only identifies the deponent and the proposed questions, but also identifies the deposition officer who will take the deposition. *See* Fed.R.Civ.P. 31(a)(3). Plaintiff is advised that a deposition officer is an officer authorized to administer oaths (e.g. a notary public) by federal or local law, or someone appointed by the court in which the action is pending. Fed.R.Civ.P. 28(a). Plaintiff

2

must make arrangements to have a deposition officer[1] take the testimony of the witnesses in response to the questions at his own expense.

Plaintiff should also be aware that he may submit written interrogatories to defendants.

Plaintiff has failed to comply with Rule 31 and therefore his request to take depositions by written questions is HEREBY DENIED without prejudice to refiling the motion with a proper notice under Rule 31.

IT IS SO ORDERED.

Dated:     November 8, 2005                              /s/ Dennis L. Beck
3b142a                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Normally a certified shorthand reporter retained by the party noticing the deposition.

3