IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN E. FIELDS,                                                    CASE NO. CV-F-03-6364 OWW DLB P

        Plaintiff,                                            ORDER RE PLAINTIFF'S
                                                               MOTIONS TO COMPEL
        vs.                                                    [DOC 61, 63]

WARDEN A. K. SCRIBNER, et al.,

        Defendants.
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On June 14, 2005 and August 30, 2005, plaintiff filed motions to compel discovery from defendants. On September 1, 2005, the Court ordered defendants to respond to the motions within 20 days. On September 29, 2005, defendants filed a motion for an extension and leave to file their opposition in excess of time, which the Court granted. Defendants attached their opposition to their request.

        In these motions, plaintiff seeks the following documents from defendants:

        1.      The personnel files of defendants J.P. Ruiz, M.J. Wilbur, E.A. Canfield, F.E. Fuhlrodt, D. Robertson, J.C. Rabe and N. Dill.

1

2. Post orders, duty statement and other responsibilities pertaining to defendants;

3. Corcoran operation procedures (O.P. Specifically No. 222.

4. California Department of Corrections Operational Procedure Manual.

5. Corcoran State Prison Security Housing Unit Maintenance Log Books and work orders for units 2 Left and 4 Right, on facility 4A from January 1, 2002 through January 1, 2003.

6. Corcoran State Prison's Security Housing Unit Log Books for Unites 2 Left and 4 Right on Facility 4A from January 2, 2002 to January 1, 2003.

7. Plaintiff's Central File, including but not limited to all confidential material.

8. Plaintiff CDC 114-A Unit File.

## DISCUSSION

**A.   Personnel Files of Defendants**

Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence under.  Defendants further object to the request on the grounds that the documents requested are privileged under state law.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases,  privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state.  Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975).  Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege.  Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975).  The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject

to disclosure especially where protective measures are taken." Id.

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

In this case, plaintiff claims that defendants were deliberately indifferent to his health and safety and retaliated against him for filing grievances. The personnel files of defendants are relevant to plaintiff's claim that defendants violated his rights under the Eighth Amendment. Defendants argue that if plaintiff is seeking this evidence in an attempt to show that the defendants are bad people, such evidence is inadmissible. However, admissibility is not determinative. *See* Fed.R.Civ.P. 26(b)(1). While the Court is mindful that there is likely private and sensitive information contained within the responsive documents, the balance of hardships tips in plaintiff's favor for a limited disclosure, subject to the conditions of this order and for use only in this litigation.

**B.     Post Order/ Operations Procedure 222**

In their response to plaintiff's request, defendants' state that they could not locate the requested information for the year 2000 but produced documents for 2001-2003. Because defendants have complied with this request to the extent responsive documents were found, plaintiff's motion is moot.

**C.     CDCR's Operations Manual**

In response to this request, defendants objected on the grounds that the request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence[1]. Defendants also stated that "copies of the non-confidential portion of the DOM is available for inspection and copying in the prison law library."

---

[1] Defendants are reminded that the standard for discovery has changed. *See* Rule 26(b)(1).

3

However, the Court agrees that plaintiff's request as drafted is overly broad. If plaintiff seeks a particular portion or portions of the Operations Manual, he should so request from defendants.

**D.     Maintenance Logs and Log Books**

Defendants objected to these requests as overly broad, overly burdensome and not calculated to lead to discoverable evidence. The Court agrees that the request which seeks log books for the period January 1, 2002 through January 1, 2003 is overly broad. The events at issue in this action occurred in October 2002. Accordingly, only documents for this time period should be produced.

**E.     Plaintiff's Central File**

Defendants objected to the production of plaintiff's central file because the file can be inspected and copied by plaintiff pursuant to institutional policies and procedures. Defendants' objection is overruled. A party may not refuse to produce discovery simply because it also available to the requesting party. Absent a specific and applicable objection, the documents must be produced for plaintiff's inspection.

**CONCLUSION**

Accordingly, defendants are HEREBY ORDERED to produce the personnel files of defendants, the maintenance logs and log books requested by plaintiff for the month of October 2002 only, and plaintiff's central file, within 30 days of this Order subject to the following:

1.  Defendants shall redact any and all private or personal information including but not limited to social security numbers, home addresses, telephone numbers, family information and background information of defendants or any other CDC employees or inmates who are not parties to this action;

2.  The documents shall be disclosed only to plaintiff representing himself in this action; Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action; witnesses to whom the documents may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the documents, and shall be informed and agree to be bound by the terms of this order.

4

1     3.     Plaintiff shall not make copies of the confidential material except as necessary for purposes of this litigation.

    4.     The documents in plaintiff's possession shall be destroyed or returned to the CDC within 20 days of the time it is no longer needed for purposes of this litigation.

IT IS SO ORDERED.

    Dated:     **November 8, 2005**                              **/s/ Dennis L. Beck**
3b142a                                                  UNITED STATES MAGISTRATE JUDGE