IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | CASE NO. CV-F-03-6364 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| vs. | |
| A.K. SCRIBNER, et al., | [Doc. 118] |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2006, plaintiff motion for temporary restraining order and preliminary injunction seeking an order prohibiting defendants from threatening to destroy his discovery documents, searching his cell or moving his cellmate, during the pendency of this action. Plaintiff also seeks an order re-assigning Officer D. Silva from 4A-1R to another area of the prison during the pendency of this action.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and

1  the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937
2  (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable
3  injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
4  merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
5  or questions serious enough to require litigation." Id.

6  This action is proceeding on plaintiff's claims that defendants acted with deliberate indifference
7  to his serious medical needs, in violation of the Eighth Amendment and retaliated against him for filing
8  prison grievances. In his current motion, plaintiff seeks orders from the court relating to the protection
9  of his discovery materials. Plaintiff's complaint does not include any claims similar to his request. The
10 court cannot issue orders that do not remedy the claims alleged in this action. Plaintiff is not entitled
11 to orders that, rather than serving to remedy the claims in this action, serve to allow plaintiff to litigate
12 this action more effectively. Because the federal court is a court of limited jurisdiction, as a threshold
13 matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968).
14 Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469
15 F.2d 1159, 1162-1163 (9th Cir. 1972). Since the complaint in this case does not contain allegations
16 raising issues similar to those presented in the instant motion, there is no controversy present with
17 respect to such issues and, as a result, the court cannot address either the likelihood of success on the
18 merits or whether there are serious questions going to the merits of plaintiff's claims.

19 For the foregoing reasons, the court HEREBY RECOMMENDS that plaintiff's motion for
20 preliminary injunctive relief, filed May 1, 2006, be DENIED.

21 These Findings and Recommendations will be submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days
23 after being served with these Findings and Recommendations, the parties may file written objections
24 with the court. The document should be captioned "Objections to Magistrate Judge's Findings and
25 Recommendations." The parties are advised that failure to file objections within the specified time may
26 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

27
28      IT IS SO ORDERED.

| | |
|---|---|
| Dated: **February 20, 2007**<br>3c0hj8 | **/s/ Dennis L. Beck**<br>UNITED STATES MAGISTRATE JUDGE |