UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>            Plaintiff,<br><br>     v.<br><br>RUIZ, et al.,<br><br>            Defendants. | CV F- 03-6364 OWW DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO FILE FOURTH AMENDED COMPLAINT<br>(DOC 124, 137) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action involves allegations that defendants were deliberately indifferent to plaintiff's safety and retaliated against plaintiff. On May 23, 2006 and October 19, 2006, plaintiff filed motions seeking leave to file a fourth amended complaint. Plaintiff lodged the proposed fourth amended complaint on October 19, 2006. Plaintiff wishes to amend his complaint to correctly spell the name of defendant Wilbur; "conform to the evidence disclosed and discovered"; and allege exhaustion through the State Board of Control.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave

1  shall be freely given when justice so requires.  Fed. R. Civ. Pro. 15(a).  In this case, a responsive
2  pleading has been served.  Therefore, plaintiff may not file an amended complaint without leave of
3  the court.

4  The changes plaintiff wishes to make to his complaint are unnecessary.  Defendant Wilbur
5  (a.k.a Wilber) has been served with process and has made an appearance in this action.  Because
6  there are no issues surrounding the identity of defendant Wilbur, it is unnecessary for plaintiff to
7  amend his complaint to correct the spelling of defendant's name.

8  It is also unnecessary for plaintiff to amend his complaint to "conform to evidence."  The
9  Court has reviewed the proposed fourth amended complaint.  The added factual detail is unnecessary
10 in light of the fact that the federal system is one of notice pleading.  Galbraith v. County of Santa
11 Clara, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil
12 actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v.
13 Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint
14 must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . .
15 . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the
16 plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  The court
17 has reviewed plaintiff's second complaint and it is not unclear or ambiguous.  Given that the federal
18 system is one of notice pleadings, there is no need for plaintiff to add any additional facts in an effort
19 to clarify his claims.

20 Finally, it unnecessary for plaintiff to amend his complaint to include allegations of
21 exhaustion.  To the extent defendants challenge this issue, plaintiff may submit evidence of
22 exhaustion in opposing defendants' motion for summary judgment.

23 For the foregoing reasons, plaintiff's motions seeking leave to file a fourth amended
24 complaint, filed May 23, 2006 and October 19, 2006 are HEREBY ORDERED DENIED.

25 IT IS SO ORDERED.

26 Dated: __March 7, 2007__                     __/s/ Dennis L. Beck__
3c0hj8                                                   UNITED STATES MAGISTRATE JUDGE
27
28