# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | CASE NO. 1:03-cv-06364-OWW DLB PC |
| Plaintiff, | |
| v. | ORDER RE MOTIONS TO APPOINT COUNSEL |
| RUIZ, et.al., | (Docs. 182, 183) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action is proceeding on plaintiff's second amended complaint, filed February 9, 2004, against defendants Ruiz, Wilbur, Canfield, Fuhlrodt and Rabe for violation of the Eighth Amendment. This matter is set for jury trial on May 27, 2008 at 9:00 a.m. before the Honorable Judge Wanger.

On April 23, 2008, plaintiff filed a motion stylized as a letter, in which plaintiff requests that that all six inmate witnesses listed in defendant's pre-trial statement be permitted to testify at trial. (Doc. 182). Plaintiff further requests that the court request pro bono counsel to represent him. Finally, plaintiff seeks an order directing the Clerk of the Court to provide plaintiff with a transcript of the telephonic trial confirmation hearing held April 24, 2008, on the grounds that because of medication he is currently taking, his memory of the conference is "kind of fuzzy".

On April 24, 2008, plaintiff filed another motion for the appointment of counsel. (Doc. 183).

///

1. <u>Motion for Attendance of Incarcerated Witnesses</u>

During the telephonic trial confirmation hearing held April 24, 2008, plaintiff agreed that four of plaintiff's six proposed inmate witnesses were not required at trial, as their testimony would be duplicative. Plaintiff now states in his instant motion that their testimony is relevant to prove state of mind, and that all six proposed witnesses ought to testify at trial.

Notwithstanding plaintiff's concession during the telephonic trial confirmation hearing that four of his proposed inmate witnesses were not necessary at trial, plaintiff has not filed any declarations stating that his proposed incarcerated witnesses have actual knowledge of relevant facts. Plaintiff was explicitly informed that he was required to do so by this court's order dated November 2, 2007, which described in detail for plaintiff the procedure for obtaining the attendance of incarcerated witnesses. (Doc. 166). Plaintiff was further placed on notice of this requirement in defendants' pre-trial statement, wherein defendants objected to the attendance of plaintiff's inmate witnesses on these very grounds. (Doc. 176, pp.4-5). Plaintiff's bare contention that their testimony is now relevant to show "state of mind" is not supported whatsoever by any evidence.

Therefore, the court will not issue transportation writs for Inmate E. Johnson, Inmate G. Jones, Inmate White, or Inmate Smith. As provided for in this court's pre-trial order (doc. 185), inmate witnesses Bland and German will attend at trial, and the clerk of the court will prepare transportation writs to facilitate their attendance.

2. <u>Request for Court Transcripts</u>

There is no provision under the Federal Rules or the Local Rules for free copies of transcripts. Further, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion. If plaintiff wishes to order a copy of the transcript, he is required to pay the appropriate fee to the court reporter. Plaintiff's request for free copies of the transcript is DENIED.

///

///

3.      Motion for Appointment of Counsel

Plaintiff contends that in the past, the court denied plaintiff's requests for appointment of counsel without considering a) the merits of the case; b) plaintiff's ability to present and comprehend his case; c) his custody status; d) the complexity of the legal issues involved; and e) the amount of factual investigation and discovery necessary to prove the claim. (Doc. 183, p.2).  Plaintiff now renews his request for the appointment of counsel.

A review of the court record indicates that plaintiff has filed at least four requests for appointment of counsel (Docs. 74, 86, 98 and 147).  Each of plaintiff's previous requests were denied. (Docs. 78, 90, 100 and 163).  In each case, it was explained to plaintiff that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in §1983 cases.  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 109 S.Ct. 1814 (1989).  Plaintiff was further advised that in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §1915(e)(1).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present motion, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations, which proved, would entitle him to relief, his case is not exceptional.  Further, plaintiff appeared lucid, and was capable of thinking and expressing himself clearly,  throughout the telephonic trial confirmation hearing that lasted approximately one hour. Accordingly, plaintiff's request for counsel is DENIED.

IT IS SO ORDERED.

**Dated:   April 30, 2008**             **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE